Case 0:21-cv-60814-RS Document 1-2 Entered on FLSD Docket 04/15/2021 Page 1 of 11

IN THE CIRCUIT COURT FOR THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

THERESA BEVANS,                                    CASE NO:

       Plaintiff,

v.

WALMART, INC.,
WAL-MART STORES EAST, L.P.,
and CLIVE PROVOST-HERON,

       Defendants.

_____/

## COMPLAINT and DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, THERESA BEVANS, by and through undersigned counsel, hereby sues Defendants, WALMART, INC., a Foreign Profit Corporation, WAL-MART STORES EAST, L.P., a Foreign Limited Partnership, and CLIVE PROVOST-HERON, and alleges:

1.      This is an action for damages that exceeds Thirty Thousand ($30,000.00) Dollars, exclusive of interest and court costs.

2.      At all times material hereto and at the time of the incident complained of, Plaintiff is/was *sui juris* and a resident of Broward County, Florida.

3.      At all times material hereto, Defendant, WALMART, INC., was and is a Foreign Profit Corporation organized and existing under the laws of the State of Delaware, having its registered agent in Broward County, Florida and authorized to do business in the State of Florida.

4.      At all times material hereto, Defendant, WALMART, INC., personally and/or through an agent in Broward County, where this Complaint is filed:

      a.  Operated, conducted, engaged in and/or carried on business venture in this state and/or county; and/or

      b.  Had an office or agency in this state and/or county; and/or

    c.  Engaged in substantial activity within this State; and/or

    d.  Committed one or more of the acts stated in Florida Statutes 48.081, 48.181, or 48.193.

5.     At all times material hereto, Defendant, WAL-MART STORES EAST, L.P., was and is a foreign corporation organized and existing under the laws of the State of Delaware, having its registered agent in Broward County, Florida, and authorized to and doing business at 3801 Turtle Creek Drive, Coral Springs, Florida 33067.

6.     At all times material hereto, Defendant, WAL-MART STORES EAST, L.P., personally and/or through an agent in Broward County, where this Complaint is filed:

    a.  Operated, conducted, engaged in and/or carried on business venture in this state and/or county; and/or

    b.  Had an office or agency in this state and/or county; and/or

    c.  Engaged in substantial activity within this State; and/or

    d.  Committed one or more of the acts stated in Florida Statutes 48.081, 48.181, or 48.193.

7.     At all times material hereto, Defendant, CLIVE PROVOST-HERON, was the general manager of Walmart Superstore # 1387 located at 3801 Turtle Creek Drive, Florida 33067, was a resident of Florida and *sui juris*.

8.     On or about November 12, 2018, Defendant, WAL-MART STORES EAST, L.P., was the owner and/or in possession and exercised control over a Supercenter located at 3801 Turtle Creek Drive, Florida 33067 (the "Premises"). The store was held open to the public as a retail shopping store.

9.      Prior to and on November 12, 2018, Defendant, WALMART, INC. exercised control over a Supercenter located at 3801 Turtle Creek Drive, Florida 33067. The store was held open to the public as a retail shopping store.

10.      On November 12, 2018, Plaintiff, THERESA BEVANS, was a lawful business invitee on the Premises and was injured after slipping and falling on liquid on the unreasonably slippery floor in the dairy aisle of the Supercenter located at 3801 Turtle Creek Drive, Florida 33067.

### COUNT I - NEGLIGENCE OF WAL-MART STORES EAST, L.P.

Plaintiff, THERESA BEVANS, realleges and reavers the allegations contained in paragraphs 1 through 10 as though fully set forth herein and further states:

11.      Defendant, WAL-MART STORES EAST, L.P., by and through its agents and/or employees, had a non-delegable duty to use reasonable care in maintaining the Premises in a reasonably safe condition and a duty to warn of concealed perils.

12.      Defendant, WAL-MART STORES EAST, L.P. knew or should have known in the exercise of reasonable care that the subject aisle is an area that is used by hundreds of people daily.

13.      Defendant, WAL-MART STORES EAST, L.P., knew or should have known in the exercise of reasonable care that the floors in its stores frequently become wet.

14.      Defendant, WAL-MART STORES EAST, L.P. chooses to have the flooring surfaces installed in its stores custom made, based on the specifications set by WAL-MART STORES EAST, L.P.

15.      Defendant, WAL-MART STORES EAST, L.P. designs and installs its tile flooring as it designed and installed in various other WALMART branded stores throughout the world.

16.     Defendant, WAL-MART STORES EAST, L.P., has a system by which it keeps track of every reported slip-and-fall that occurs in a WALMART store.

17.     Defendant, WAL-MART STORES EAST, L.P. has actual knowledge of a significant number of documented falls on liquids in its stores every year.

18.     Prior to and on the date of the subject incident, Defendant, WAL-MART STORES EAST, L.P. had actual knowledge of a significant number of documented falls on liquids in its stores with the same flooring surface that Plaintiff slipped and fell on.

19.     Defendant, WAL-MART STORES EAST, L.P. had actual knowledge that the flooring surface in its stores becomes unreasonably slippery and dangerous when wet, as evidenced by the fact that Defendant, WAL-MART STORES EAST, L.P trains its employees to:

     a.   constantly inspect and monitor the floor throughout the day for spills;

     b.   immediately block off the area where spills occur;

     c.   immediately clean up spills; and

     d.   place warning cones and/or wet floor signs next to spills/wet areas

20.     Prior to and at the time of the subject incident, Defendant WAL-MART STORES EAST, L.P. acted negligently and carelessly, and breached its duty of care, in one or more of the following ways:

     a.   by choosing to install an inappropriate flooring surface in its stores that Defendant knew, or in the exercise of reasonable care should have known, becomes unreasonably slippery when wet, and therefore dangerous to the public;

     b.   by choosing to use chemical cleaning agents on the subject floor which made the floor unreasonably slippery and therefore dangerous to the public

c.  by choosing not to replace the flooring surface in its stores, despite the fact that Defendant knew, or in the exercise of ordinary care should have known that the flooring surface becomes unreasonably slippery and dangerous when wet; and

d.  by choosing not to warn the public that the floors in its stores become unreasonably slippery and dangerous when wet, although it knew, or in the exercise of ordinary care should have known of the danger

21.  As a direct and proximate cause of Defendant, WAL-MART STORES EAST, L.P.'s, negligence and carelessness, Plaintiff, THERESA BEVANS, suffered serious and permanent bodily injuries and damages, resulting pain therefrom, pain and suffering, exacerbation of a pre-existing injury, mental anguish, past and future medical expenses, loss of capacity for the enjoyment of life, and disfigurement. These injuries are either permanent or continuing in nature and the Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, THERESA BEVANS, demands judgment against Defendant, WAL-MART STORES EAST, L.P. in an amount in excess of Thirty Thousand ($30,000.00) Dollars, exclusive of interest and costs, which are prayed for in addition thereto. Plaintiff further demands a trial by jury of all issues so triable by right.

### COUNT II - STATUTORY NEGLIGENCE OF WAL-MART STORES EAST, L.P.

Plaintiff, THERESA BEVANS, realleges and reavers the allegations contained in paragraphs 1 through 10 as though fully set forth herein and further states

22.  Defendant, WAL-MART STORES EAST, L.P. had a non-delegable duty, by and through its agents and/or employees, to use reasonable care in maintaining the Premises in a reasonably safe condition and a duty to warn of concealed perils.

23.  At the aforedescribed time, place and date, Defendant WAL-MART STORES EAST, L.P. acted negligently and carelessly, and breached its duty of care, in one or more of the following ways:

a. by improperly and carelessly causing or allowing the liquid substance to come on to, or remain on its floor, thereby creating a dangerous and hazardous condition;

b. by failing to detect or remove the liquid substance from the floor, although it knew, or in the exercise of reasonable care should have known about its existence;

c. by failing to warn of the aforedescribed dangerous condition;

d. by failing to properly maintain and inspect its floors and premises.

24. The aforedescribed dangerous condition occurs with regularity at the Defendant's premises and was therefore foreseeable. As a result, Defendant, WALMART STORES EAST, L.P. was on constructive notice of the dangerous condition.

25. In the alternative, the aforedescribed dangerous condition existed for such a length of time that, in the exercise of ordinary care, Defendant, WALMART STORES EAST, L.P., should have known of the dangerous condition.

26. As a direct and proximate cause of the Defendant WAL-MART STORES EAST, L.P.'s, negligence and carelessness, Plaintiff, THERESA BEVANS, suffered serious and permanent bodily injuries and damages, resulting pain there from, pain and suffering, exacerbation of a pre-existing injury, mental anguish, past and future medical expenses, loss of capacity for the enjoyment of life, and disfigurement. These injuries are either permanent or continuing in nature and the Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, THERESA BEVANS, demands judgment against Defendant, WAL-MART STORES EAST, L.P. in an amount in excess of Thirty Thousand ($30,000.00) Dollars, exclusive of interest and costs, which are prayed for in addition thereto. Plaintiff further demands a trial by jury of all issues so triable by right.

## COUNT III - NEGLIGENCE OF WALMART, INC.

Plaintiff, THERESA BEVANS, realleges and reavers the allegations contained in paragraphs 1 through 10 as though fully set forth herein and further states:

27.     Defendant, WALMART, INC., by and through its agents and/or employees, had a non-delegable duty to use reasonable care in maintaining the Premises in a reasonably safe condition and a duty to warn of concealed perils.

28.     Defendant, WALMART, INC. knew or should have known in the exercise of reasonable care that the subject aisle is an area that is used by hundreds of people daily.

29.     Defendant, WALMART, INC., knew or should have known in the exercise of reasonable care that the floors in its stores frequently become wet.

30.     Defendant, WALMART, INC. chooses to have the flooring surfaces installed in its stores custom made, based on the specifications set by WAL-MART, INC.

31.     Defendant, WALMART, INC. designs and installs its tile flooring as it designed and installed in various other WALMART branded stores throughout the world.

32.     Defendant, WALMART, INC., has a system by which it keeps track of every reported slip-and-fall that occurs in a WALMART store.

33.     Defendant, WALMART, INC. has actual knowledge of a significant number of documented falls on liquids in its stores every year.

34.     Prior to and on the date of the subject incident, Defendant, WALMART, INC. had actual knowledge of a significant number of documented falls on liquids in its stores with the same flooring surface that Plaintiff slipped and fell on.

35.     Defendant, WALMART, INC. had actual knowledge that the flooring surface in its restrooms becomes unreasonably slippery and dangerous when wet, as evidenced by the fact that Defendant, WALMART, INC. trains its agents and employees to:

   a.   constantly inspect and monitor the restrooms throughout the day for spills;

   b.   immediately block off the area where spills occur;

   c.   immediately clean up spills; and

   d.   place warning cones and/or wet floor signs next to spills/wet areas

36.     Prior to and at the time of the subject incident, Defendant WALMART, INC. acted negligently and carelessly, and breached its duty of care, in one or more of the following ways:

   a.   by choosing to install an inappropriate flooring surface in its stores that Defendant knew, or in the exercise of reasonable care should have known, becomes unreasonably slippery when wet, and therefore dangerous to the public;

   b.   by choosing to use chemical cleaning agents on the subject floor which made the floor unreasonably slippery and therefore dangerous to the public

   c.   by choosing not to replace the flooring surface in its stores, despite the fact that Defendant knew, or in the exercise of ordinary care should have known that the flooring surface becomes unreasonably slippery and dangerous when wet; and

   d.   by choosing not to warn the public that the floors in its stores become unreasonably slippery and dangerous when wet, although it knew, or in the exercise of ordinary care should have known of the danger

37.     As a direct and proximate cause of Defendant, WALMART, INC.'s negligence and carelessness, Plaintiff, THERESA BEVANS, suffered serious and permanent bodily injuries and damages, resulting pain therefrom, pain and suffering, exacerbation of a pre-existing injury, mental anguish, past and future medical expenses, loss of capacity for the enjoyment of life, and

disfigurement. These injuries are either permanent or continuing in nature and the Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, THERESA BEVANS, demands judgment against Defendant, WALMART, INC. in an amount in excess of Thirty Thousand ($30,000.00) Dollars, exclusive of interest and costs, which are prayed for in addition thereto. Plaintiff further demands a trial by jury of all issues so triable by right.

## COUNT IV - NEGLIGENCE OF CLIVE PROVOST-HERON

Plaintiff, THERESA BEVANS, realleges and reavers the allegations contained in paragraphs 1 through 10 as though fully set forth herein and further states:

38.     Defendant, CLIVE PROVOST-HERON, had a non-delegable duty to use reasonable care in managing the maintenance of the Premises, so that the Premises is maintained in a reasonably safe condition. Defendant, CLIVE PROVOST-HERON, as the store manager, personally participated in the management of the maintenance of the Premises. Defendant, CLIVE PROVOST-HERON also had a duty to warn invitees of known dangers.

39.     Defendant, CLIVE PROVOST-HERON had knowledge that the subject aisle is used by hundreds of people daily.

40.     Defendant, CLIVE PROVOST-HERON, knew or should have known in the exercise of reasonable care that the floors in its stores frequently become wet.

41.     As the manager of the Premises, Defendant, CLIVE PROVOST-HERON had the ability to make changes to the flooring installed in its stores.

42.     Prior to and on the date of the subject incident, Defendant, CLIVE PROVOST-HERON had knowledge of the frequency by which spills occur and people fall in its stores.

43.     Defendant, CLIVE PROVOST-HERON had actual knowledge that the flooring surface in its stores became unreasonably slippery and dangerous when wet, as evidenced by the fact that Defendant, CLIVE PROVOST-HERON trains his employees to:

     a. constantly inspect and monitor the restrooms throughout the day for spills;

     b. immediately block off the area where spills occur;

     c. immediately clean up spills; and

     d. place warning cones and/or wet floor signs next to spills/wet areas

44.     Prior to and at the time of the subject incident, Defendant CLIVE PROVOST-HERON acted negligently and breached his duty of care by failing to implement sufficient precautions to either prevent liquids from getting on, and/or remaining on, the floor, make the floor slip-resistant, or warn his customers of the likelihood of a dangerous condition in the store.

45.     By failing to implement such procedures and protective measures, Defendant, CLIVE PROVOST-HERON, failed to protect Plaintiff, THERESA BEVANS, from a known dangerous condition.

46.     As a direct and proximate cause of Defendant, CLIVE PROVOST-HERON's negligence, Plaintiff, THERESA BEVANS, suffered serious and permanent bodily injuries and damages, resulting pain there from, pain and suffering, exacerbation of a pre-existing injury, mental anguish, past and future medical expenses, loss of capacity for the enjoyment of life, and disfigurement. These injuries are either permanent or continuing in nature and the Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, THERESA BEVANS, demands judgment against Defendant, CLIVE PROVOST-HERON in an amount in excess of Thirty Thousand ($30,000.00) Dollars,

exclusive of interest and costs, which are prayed for in addition thereto. Plaintiff further demands

a trial by jury of all issues so triable by right.

RESPECTFULLY submitted this 1st day of February, 2021.

**KANNER & PINTALUGA, P.A.**
Attorneys for the Plaintiff
925 S Federal Highway, Sixth Floor
Boca Raton, Florida 33432
Ph/Fax: (561) 424-0032 / (844) 818-5452
Service Email: Pleadings7@kpattorney.com

By: _____
LEON O. HUNTER, ESQ.
FBN: 127363